UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IRLANDA DE ALVAREZ
INDIVIDUALLY AND AS PARENT
AND GUARDIAN FOR HER INFANT
CHILD: SHAYLA A. &
SHAYLA A. AN INFANT,

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ SEP 28 2010 ★

**BROOKLYN OFFICE**

                                    Plaintiffs

                    -against-
THE CITY OF NEW YORK, THE
NEW YORK CITY BOARD OF
EDUCATION/ DEPARTMENT OF
EDUCATION, M.S. 137, PRINCIPAL
LAURA MASTRIOGIOVANNI, VICE
PRINCIPAL MS. ZOANNE WILKINS,
TEACHER MR. MCGOEY, COUNSELOR
ANTHONY DON, NEW YORK CITY
POLICE DEPT., COP
"1" THROUGH "4", "SERGEANT",
RANDAL LNU (Last Name Unknown)
AND HIS PARENTS
AND/OR GUARDIANS "JANE DOE" NO. 1
AND "JOHN DOE" NO. 1,
JONATHAN LNU AND HIS PARENTS
AND/OR GUARDIANS "JANE DOE" NO. 2
AND "JOHN DOE" NO. 2, PICE LNU
AND HIS PARENTS AND/OR GUARDIANS
"JANE DOE" NO. 3 AND "JOHN DOE" NO. 3,

COMPLAINT

# 10    4434

Docket No.
2010 CIV

JOHNSON, J    BLOOM, M.J

                                    Defendants.
------------------------------------------------------------x

## INTRODUCTORY STATEMENT

1.      This is an action for damages sustained by plaintiffs SHAYLA A., (hereinafter

referred to as SHAYLA, plaintiff or infant plaintiff) an infant and by plaintiff IRLANDA

DE ALVAREZ (herein after referred to as the plaintiff, parent, mother, and/or

IRLANDA,) her mother and natural guardian, and IRLANDA DE ALVAREZ

individually against the CITY OF NEW YORK (hereinafter referred to as the CITY), and

the NEW YORK CITY DEPARTMENT OF EDUCATION A/K/A THE BOARD OF

EDUCATION OF THE CITY OF NEW YORK (hereinafter referred to as DEPT. OF EDUCATION, D.O.E. AND/OR BD. OF ED.), the NEW YORK CITY POLICE DEPARTMENT, (hereinafter referred to as NYCPD), COP "1" THROUGH "4", "SERGEANT", who through its employees, agents and/or assigns unlawfully failed to investigate and/or prosecute those co-defendants students (named hereinafter) that had harassed, and/or sexually harassed, assaulted and/or sexually assaulted/molested SHAYLA A., an infant (by plaintiff IRLANDA DE ALVAREZ, her mother and natural guardian); for personal injuries infant plaintiff suffered and arising from the unlawful acts of the said defendants, and against the CITY, as the supervisory body responsible for the conduct of the defendants and for its failure to take corrective action with respect to N.Y.P.D. police officers including but not limited to COP "1" THROUGH "4", "SERGEANT" , personnel and/or their employees for their failure to act, etc. and/or D.O.E./ BD. OF ED., supervisors, teachers, personnel including but not limited to PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON whose negligent propensities are and were notorious in their failure to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless conduct by students; The said entities and/or individual(s) is/are sued as a "person" under Title 42 USC 1983; and the actions of the BD. OF ED. and/or N.Y.P.D. in failing to prevent, investigate and/or to prosecute or take sufficient protective action or file a case against student RANDAL LNU, student JONATHAN LNU And student PICE LNU who each individually sexually harassed and attacked the infant plaintiff SHAYLA A., a minor, specifically student RANDAL LNU, student JONATHAN LNU And student

2

PICE LNU (hereinafter referred to as student RANDAL LNU (LAST NAME

UNKNOWN), student JONATHAN LNU And student PICE LNU  respectively and/or

male students) (all male students attending the school M.S. 137 owned and operated by

D.O. E.) and/or as the perpetrators, culprits and their respective parents and guardians

and/or failure to remedy the situation/ conditions and/or to sufficiently monitor,

investigate and/or because the BD. OF ED. failed and continued to fail to take any action

and/or to reprimand, punish, or attempt to arrest the said perpetrators student RANDAL

LNU (LAST NAME UNKNOWN), student JONATHAN LNU AND STUDENT PICE

LNU; including but not limited to the fact that the D.O.E/ Board of Education negligently

failed to file a criminal complaint of any kind with any Court and/or to the District

Attorney of Queens County and/or to family court prosecutors. The complaint is based on

the facts that the said student RANDAL LNU (LAST NAME UNKNOWN), student

JONATHAN LNU and student PICE LNU had harassed, assaulted, sexually assaulted

and/or made "sexual advances" on one or more occasion against the said minor child

including on the premises of the SCHOOL M.S 137 and that at least one of said

"assaults"/harassments/altercations which was at her SCHOOL M.S. 137 in Brooklyn,

New York. The defendants BD. OF ED., and the NYCPD and their supervisors, staff,

employees and the like, despite notice and specific requests to take action had done

nothing whatsoever to prosecute said students in a court of law nor did they satisfactorily

inquire and/or investigate or have arrested the said perpetrators student RANDAL LNU

(LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU; all of

which resulted in mental and emotional distress to both of the plaintiffs; Plaintiffs seek

recovery for their aforesaid physical and/or emotional damages, attorney's fees, and the like.

2.     The defendants CITY, D.O.E./BD. OF ED., N.Y.P.D., PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON, COP "1" THROUGH "4", "SERGEANT" through their negligence and/or their negligently failure to act and/or as to the defendant D.O.E./BD. OF ED. that in effect acts "in loco parentis" negligently failed to monitor the said individual male students and/or make a viable attempt to prevent a recurrence of the said assault/harassment/altercation and/or safeguard the infant minor plaintiff and for their initial negligence to take reasonable and prudent steps required to protect children/students (here the infant-plaintiff) enrolled in its care and to prevent said occurrence(s), to investigate same and to prosecute the said male students Defendants and/or personnel who negligently failed to act and/or to apprise said defendant male students' parents or guardians and/or to effectively engage said defendant male students' parents and/or guardians and/or take them to task.

JURISDICTION

3.     This action arises under Sections 1983 and 1988 of Title 42 of the United States Code, and the First, Eighth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution of the State of New York and the laws of the State of New York and the case law arising thereunder in similar Title 42 USC 1983 matters. Plaintiffs also rely on Title IX of the Education Amendments of 1972; 20 USC Sect. 1681

## PARTIES

4.     IRLANDA DE ALVAREZ individually and as parent and guardian for her infant

child: SHAYLA A. & SHAYLA A., an infant. Both said plaintiffs reside at 86-28 121st

Street, Richmond Hill, NY 11418 which is located in Queens County in the Eastern

District of New York.

5.     At all times relevant to the allegations of this complaint, student RANDAL LNU

(LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU

was/were individuals residing in Brooklyn, New York at an address known to defendants

D.O.E. and were male students enrolled at the infant plaintiff's school in Brooklyn and in

effect students that were supposed to be monitored and supervised by defendant Board of

Ed. and its employees. On information and belief all said three individuals are minors and

have a parent(s) and/or guardian(s) who reside with them in Queens, New York at an

address known to the defendant D.O.E.  At all times relevant, defendant BD. OF ED

employees, supervisory personnel and the like were responsible for the said students

during school hours specifically the infant plaintiff and defendants student RANDAL,

student JONATHAN LNU, student PICE LNU and/or other BD. OF ED. personnel at the

SCHOOL in question including but not limited to supervisors, the principal, deans,

teachers, counselors, administrators and/or security staff (some of whose identities and

addresses are presently unknown to plaintiff) and/or are on information and belief are

known to the BD. OF ED., and specifically student RANDAL LNU (LAST NAME

UNKNOWN), JANE DOE NO. 1 AND JOHN DOE NO. 1, student JONATHAN LNU

(LAST NAME UNKNOWN), JANE DOE NO. 2 AND JOHN DOE NO. 2 And student

PICE LNU (LAST NAME UNKNOWN), JANE DOE NO. 3 AND JOHN DOE NO. 3

and/or their respective parent(s) and/or guardian(s)), and/or their teachers and/or other personnel and/or security officers employed by the BD. OF ED. and/or by New York City Police Department (N.Y.P.D.). Said employees of the D.O.E. /BD. OF ED. and/or N.Y.P.D. were employed by defendants CITY,D.O.E./ BD. OF ED. and/or N.Y.P.D., COPS "1" THROUGH "4", "SERGEANT" to perform duties in and for the City of New York, specifically at the SCHOOL denoted herein and elsewhere. At all times relevant, employee defendants D.O.E. and/or N.Y.P.D. were acting in the capacity of agents, servants and employees of defendant City of New York and are sued individually and/or in their official capacity.

6.      The defendant Parent(s) and/or guardian(s) for student RANDAL LNU (LAST NAME UNKNOWN) JANE DOE NO. 1 AND JOHN DOE NO. 1 on information and belief reside(s) in Queens County, New York at an address known to the defendants, CITY, D.O.E., and/or N.Y.P.D. with his parents and/or guardians and are legally responsible for their infant son's actions.  Parent(s) and/or guardian(s) JANE DOE NO. 2 AND JOHN DOE NO. 2 for student JONATHAN LNU (LAST NAME UNKNOWN) on information and belief resides in Queens County, New York at an address known to the defendants and are legally responsible for their infant son's actions.

7.      Parent(s) and/or guardian(s) JANE DOE NO. 3 AND JOHN DOE NO. 3 for student PICE LNU (LAST NAME UNKNOWN) on information and belief reside in Queens County, New York at an address known to the defendants and are legally responsible for their infant son's actions.

8.      That the parent(s) and/or guardian(s) for the above noted infant defendants on information and belief were made aware of the initial alleged incident of 10/15/09 and/or

subsequent incidents and negligently failed to remove their child from the school and/or

to discipline said child which negligence resulted in the said child harassing, annoying,

assaulting, and making lewd and obnoxious statements and/or illegal sexual contact upon

the infant plaintiff on subsequent dates and times and said parent(s) and guardian(s) are

individually liable for said actions.

9.      At all times relevant, defendant BD. OF ED., N.Y.P.D. was/were a municipal

corporation(s) duly formed under the laws of New York State, and/or an agency,

subdivision, department, etc. of the City of New York duly formed pursuant to law and/or

is a domestic and public benefit corporation organized or existing under and by virtue of

the laws of the State of New York. The D.O.E. was the employer and supervisor of

defendant BD. OF ED. supervisory staff PRINCIPAL LAURA MASTRIOGIOVANNI,

VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY,

COUNSELOR ANTHONY DON, for the said student defendants, student RANDAL

LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU

as were D.O.E. teachers and/or security officers at the school M.S. 137.  As such, (BD.

OF ED., and/or N.Y.P.D.) was/were responsible for training, supervision and conduct by

said defendants' employees and staff.  Said were also responsible, under law, for

enforcing the rules and regulations of the BD. OF ED. and/or New York City & State

laws and rules and regulations and for ensuring that City of New York, BD. OF ED.,

and/or supervisory staff, security and personnel, as well as police officers in the employ

of the NYPCD and supervisors and staff obey and enforce the laws of the City and State

of New York and of the United States and enforce the laws of the City and State of New

York and/or rules and regulations of their respective entities (DOE and/or N.Y.P.D..)

10.    At all times relevant, defendant NYCPD was a municipal corporation duly formed under the laws of New York State and/or an agency, subdivision, department, etc. of the defendant CITY OF NEW YORK duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York, and was the employer and supervisor of police officers and/or security officers that were charged with the duty to keep order, protect students, investigate and arrest the defendant(s) student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU and/or other administrators, teachers and staff at the SECONDARY SCHOOL.  As such, NYCPD was responsible for training, supervision and conduct of its supervisory staff, personnel, security officers, etc.  It was also responsible, under law, for enforcing the regulations of the New York City Police Department and for ensuring that City of New York police, administrators, police, employees and/or personnel (hereinafter referred to as staff) obey and enforce the laws of the City and State of New York and of the United States.

11.    Defendants THE CITY OF NEW YORK POLICE DEPARTMENT OFFICERS COP(S) "1" THROUGH "4" and/or a SERGEANT are on information and belief police officers, sergeant(s), detective(s), and/or supervisory staff in the employment of the N.Y.P.D., CITY, or other defendants, whose names and addresses are unknown to plaintiffs but on information and belief is/are known to defendants CITY and/or N.Y.P.D..

12.    At all times relevant, defendants N.Y.P.D. employees including COP(S) "1 through 4", and/or SARGEANT and N.Y.P.D. and supervisory personnel and the like specifically Police Officers, sergeant(s)/detective(s) and/or other N.Y.C.P.D. police

officers (e.g. COPS "1 through 4" ), detectives, supervisors and/or personnel (e.g. school security personnel) who were assigned or involved and/or failed to properly investigate, arrest, interrogate, detain, imprison and/or charged the said three male students. At all times relevant, defendants COP "1 through 4" and SERGEANT above-named were acting in the capacity of agents, servants and employees of defendant CITY and/or N.Y.P.D. and are sued individually and in their official capacity.

13.     At all times relevant, defendant BOARD OF EDUCATION was a municipal corporation duly formed under the laws of New York State and/or an agency, subdivision, department, etc. of the city of New York duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York, and was the employer and supervisor of defendant police officers.  As such, it was responsible for training, supervision and conduct by defendants of its supervisory staff, personnel, security officers, etc.  It was also responsible, under law, for ensuring the safety and welfare of its students.

14.     At all times relevant, defendants PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON, D.O.E./ BD. OF ED. were employed by the D.O.E., BD. OF ED. and/or was/were employees and/or supervisors duly employed by D.O.E.. As such, each of said individual defendants PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON was responsible under law, for enforcing the regulations of the New York City D.O.E. and for ensuring that City of New York school personnel and/or NYCPD security officers enforce the laws of the City and State

of New York and of the United States and that their students obey said laws, and were charged with the duty to act "in loco parentis" for their students.

15. At all times relevant, defendants student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU (hereinafter referred to as the perpetrators, RANDAL, JONATHON, PICE,) were and are male students duly enrolled by D.O.E. at M.S. 137, Queens County, New York on 10/15/09 through 11/9/09 and thereafter. That MASTROGIOVANNI is the principal of M.S. 137 and the VICE PRINCIPAL is MS. ZOANNE WILKINS, that TEACHER MR. MCGOEY was the teacher who witnessed and/or reported the incident, COUNSELOR ANTHONY DON was also aware of the incident and are employees of the BD. OF ED. and on information and belief were in the employ of the BD. OF ED. and working at M.S. 137 at the time of either the failure to grant a "safety transfer" to plaintiff and/or at the time of the illegal, immoral and reprehensive attacks upon the infant plaintiff SHAYLA A. the names and addresses of the perpetrators, male students being student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU, and/or the full name and addresses of the N.Y.P.D. police officers and/or superiors that refused to file or make a report. The full name and addresses are unknown to plaintiffs and their counsel.

16. Plaintiffs allege that PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON was and are responsible, under law, and Board of Ed. requirements for enforcing the regulations of the BD. OF ED.; and for ensuring that laws and regulations of the City and State of New York BD. OF ED are followed and enforced at the school and in effect are responsible for the safety and well being of the students.

17.     That the said unknown named N.Y.P.D. police officers COPS "1-4" and

SERGEANT are also duty bound to have students obey the laws of the City and State of

New York and of the United States and/or to enforce those laws and negligently failed to

perform their duty to investigate and/or file charges.

18.     At all times relevant hereto and in all their actions described herein, defendant

BD. OF ED. and/or NYCPD employees supervising and personnel, etc. were acting under

color of law and pursuant to their authority as BD. OF ED./ NYCPD personnel.

## FACTUAL ALLEGATIONS

19.     That NYCPD and/or D.O.E./BD. OF ED. is/are on information and belief owned ,

operated and/or subject to directives of the defendant CITY. That their superiors and

personnel are also answerable to the CITY.

20.   That at all times relevant to this complaint, or from on or about 10/15/09 and

thereafter, said defendants maintained and controlled in furtherance of its/ their business

of the said defendants, CITY and NYCPD and/or BD. OF ED.  in the Borough of

Queens, City and State of New York and was/were responsible for operating/ controlling:

schools, school districts, secondary schools and/or their teachers, administrators and

personnel and staff, prosecution of court cases, jails, courts, police, police precincts,

police security in New York City including at New York City Middle Schools, and/or

police officers, sergeants, employees, detectives, school safety security officers,

personnel and staff, and/or their personal employees, and staff.

21.     On or about 10/15/09, 10/21/09, 11/3/09 and thereafter and/or other dates known

to defendants, the infant plaintiff SHAYLA A. (hereinafter referred to as SHAYLA or

plaintiff or infant plaintiff), while attending M.S. 137, located in New York City, Queens

County, in the Eastern District of New York, who was lawfully on the premises encouraged through no fault of her own and/or contributory negligence on her part was harassed and/or sexually assaulted by several male students including student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU and/or other students whose names are unknown at said times but on information and belief are known to the defendants at the said school owned and operated by the defendant D.O.E./BD. OF ED. On information and belief it was at or about said location and time that student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU began to approach the infant plaintiff and made specific improper, illegal and/or immoral "sexual advances" to her including "advances" that involved touching of her personal parts at the premises of the said school; said "advances" were accompanied by lewd language and threats! The threats continued thereafter.

22.     On information and belief, student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU began to cause sexual harassing activities upon the infant plaintiff including physical touching of her personal parts (assault), which eventually resulted in the infant plaintiff becoming severely emotionally disturbed affecting her personal and school life. The infant plaintiff's mother, the plaintiff IRLANDA DE ALVAREZ in October 2009 became aware of the fact that her daughter, the infant plaintiff had been a victim of the said sexual harassment and assault and other lewd and illegal behavior by said male students at the said school. That said acts were specifically caused by student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU. The plaintiffs, mother and daughter, had to

make the difficult decision to file a complaint with the school even though said action could and did result in more harassment and threats by the said three male student defendants if the school did not properly investigate, follow through and/or did not properly report the incidents to the courts and/or elect to prosecute. On information and belief after the incident was duly reported the 3 said male students, made "admissions against interest" in the presence of Board of Ed. witnesses that they were the individuals who had made the improper sexual advances, said illegal assaults (e.g. sexual assault upon the infant plaintiff), and that they had made sexual advances upon the infant plaintiff at the defendant CITY's school located in Queens County and/or elsewhere in Queens County.

23.     Upon information and belief that the defendants student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU made the said admissions against interest without being coerced and when they did not appear to be under the influence of any kind of drug(s) or alcohol. That they made them freely and willingly. They each acknowledged and admitted that they had made the sexual advances, assaults, touching of the infant plaintiff's private parts and lewd language and threats upon the infant plaintiff and were responsible for the use of the infant child SHAYLA A.' depression and fear to attend the school. That PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON were aware of the incident(s) and admission(s) and took no effective action to remedy the situation and/or to protect and safeguard the infant plaintiff.

24. Upon information and belief the Board of Ed. Personnel and/or teachers, having heard the confession(s) of the said 3 male students and/or being advised of their illegal behavior and actions from other witnesses present who on information and belief gave statements to BD. OF ED. personnel at the said School, did not effectively prosecute the said 3 male students and/or protect the infant plaintiff. The said personnel negligently failed to do anything about student RANDAL LNU (Last Name Unknown), student JONATHAN LNU and student PICE LNU.

25. The plaintiff mother also related the incidents and fact that there were confession(s) made by the said 3 male students to N.Y.P.D. police officers who came to the school and those two defendants D.O.E. and NYCPD and their personnel negligently failed to take action to protect the infant plaintiff and/or to prosecute the said three male students and/or others.

26. Specifically, the Board of Ed. did nothing despite notice and repeated threats to infant plaintiff to remove the three male students from the school and allegedly allowed and permitted all three to remain in the school in continued close proximity to young impressionable female students at the school and the infant plaintiff and/or failed to follow up and report the said 3 male students to the N.Y.P.D. or District Attorney Queens County or the Family Court. The N.Y.P.D. refused to arrest any one of the three male students and/or bring them to the Family Court specifically student RANDAL LNU (Last Name Unknown), student JONATHAN LNU and student PICE LNU e.g. for assault and/or illegal sexual harassment under New York State Penal Law Art. 130; Sect. 130.00, 130.20, 130.25, 130.40, 130.95, 130.96, 240.20 and did not arrest them and/or bring them to Criminal and/or Family Court to be prosecuted for their crimes.

27.    The N.Y.P.D. did absolutely nothing in regard to student RANDAL LNU (Last Name Unknown), student JONATHAN LNU and student PICE LNU. The N.Y.P.D. negligently failed to prosecute or investigate.

28.    The infant plaintiff's mother, when making complaints to the school administrative personnel, was advised that Board of Ed. personnel had observed student RANDAL LNU (Last Name Unknown), student JONATHAN LNU and student PICE LNU making improper advances to the infant plaintiff on school property and had done nothing about it! In addition thereto, the infant plaintiff's friends and students at the same school also told plaintiff mother that they had observed improper behavior by student RANDAL LNU (Last Name Unknown), student JONATHAN LNU and student PICE LNU towards the infant plaintiff and the school staff were aware of it and did nothing.

29.    The infant plaintiff not only was physically and sexually abused but suffered and continue(s) to suffer emotional and mental stress and strain caused by the defendants' negligent actions. The infant plaintiff was embarrassed and unable to attend the school any longer since the said 3 male students continue to harass and thereafter and/or she fears their presence; her grades suffered; her health suffered; her self esteem and self worth suffered and she was unable to emotionally continue on in school and also was severely limited in her capacity to continue to function as a normal child in her home as well.

30.    The plaintiff mother also suffered mental and emotional stress and strain and this was exacerbated in regard to all that transpired with the defendant CITY, D.O.E. and/or N.Y.P.D. who blatantly refused to cooperate in any way, shape, form or manner with her or her daughter. Defendants CITY, D.O.E., N.Y.P.D., PRINCIPAL LAURA

MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON, and/or their superiors, teachers, police officers and the like failed to take the necessary steps/actions to remedy the situation and/or to act to try to rectify the totally deteriorating situation. That they in effect by their inaction have negligently caused and/or negligently permitted the harassment to continue. That the infant plaintiff's mother hired an attorney who communicated by a notice of claim to the defendants thereby affording them additional notice to take action without any result whatsoever.

31.     That on information and belief the mental and emotional damage to the plaintiffs has resulted in permanent injury in that both plaintiffs are psychologically distraught and emotionally spent and in regard to the infant plaintiff her education has all but been ruined; all because of the actions or failure to act of the defendants as related herein.

32.     That when IRLANDA DE ALVAREZ discussed the said illegal occurrence(s), with D.O.E. and NYCPD personnel.  Upon learning of the sexual illegal assault taken against her daughter, IRLANDA DE ALVAREZ immediately called the SCHOOL and then went personally to the school and spoke to supervisory personnel at the SCHOOL to seek redress. She simultaneously telephoned the N.Y.P.D. and also attempted to file a complaint against student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU with the local police precinct who refused to take it! Thereafter, IRLANDA DE ALVAREZ called or went to said M.S. 137 and/or went to the local police precinct on more than one occasion to try to seek redress for her daughter SHAYLA. The N.Y.P.D. refused to prepare and/or provide her with a police report!

33.     The reputation of the said infant plaintiff was destroyed by the sexual

encounter(s) forced upon by student RANDAL LNU (LAST NAME UNKNOWN),

student JONATHAN LNU And student PICE LNU.

34.     PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS.

ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON are

school personnel and D.O.E. employees who was acting under their official capacity with

the defendant BD. OF ED at the time the infant child was enrolled in the same school

where the 3 named perpetrators were enrolled and worked for the BOARD OF

EDUCATION.

35.     IRLANDA DE ALVAREZ literally got the "run-around" from the D.O.E.

personnel and M.S. 137 and the N.Y.P.D., even though she went to the specific locations

she was diverted to go to try to get redress and/or to obtain a safety transfer so that

SHAYLA could be transferred to another school so the infant plaintiff would not be in

contact with the said student RANDAL LNU (LAST NAME UNKNOWN), student

JONATHAN LNU and student PICE LNU so that she would not be in danger and/or in a

state of constant fear. The infant mother's attempts to obtain a safety transfer to another

D.O.E. school were thwarted, disregarded and/or denied. Her initial request to have the

said 3 male defendant students transferred were totally disregarded by the D.O.E. and its

personnel.

36.     On information and belief student RANDAL LNU (LAST NAME UNKNOWN),

student JONATHAN LNU and student PICE LNU did admit to the alleged incident(s)

and admits to their illegal actions. However, the Board of Ed. acted as though SHAYLA

A. was "the problem" even though SHAYLA A. had never been arrested in her life and

had never had a disciplinary problem in the school. Despite the continued efforts of IRLANDA DE ALVAREZ in going to M.S. 137 and complaining to the D.O.E. officials, teachers and personnel there at the school. D.O.E. refused to remove, transfer or adequately discipline the said 3 male students. None of the school officials would help ALVAREZ with her requests and the supervisory personnel at D.O.E. would not help her either to suspend the 3 male students or remove them to another school and/or to permit the infant plaintiff to transfer (safety transfer). The N.Y.P.D. and their police officers did not go forward to arrest the said 3 male students nor help IRLANDA DE ALVAREZ. Under all the facts and circumstances IRLANDA DE ALVAREZ initially had to keep her infant daughter SHAYLA home with her. Since she was too distraught to attend school.

37.     On information and belief defendants NEW YORK CITY DEPARTMENT OF EDUCATION A/K/A THE BOARD OF EDUCATION OF THE CITY OF NEW YORK. PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON, THE N.Y.P.D. despite repeated notice of said incident(s)/ crime(s) and violation(s) of SHAYLA refused to remove student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU from the school, suspend them and/or even investigate the serious complaints! The said 3 male students continued to harass the infant plaintiff on more than 1 occasion after the initial sexual assault. The "school" was advised but nothing was done to remedy the situation.

38.     IRLANDA DE ALVAREZ was required because of the recalcitrance of the defendants to retain counsel, STUART R. SHAW, ESQ. to represent her and her infant daughter; initially to try to have student RANDAL LNU (LAST NAME UNKNOWN),

student JONATHAN LNU and student PICE LNU removed, investigated or prosecuted on criminal charges returnable in Family Court in Queens County. No investigation or charges were ever filed by defendants BOARD OF ED., D.O.E. and/or N.Y.P.D. against the said 3 male defendant students.

39.     From the date that the mother became aware that her daughter had been sexually assaulted ALVAREZ alerted the school, the personnel at the BD. OF ED. of the City of New York and in particular at M.S. 137 and e.g. PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON were uncooperative. Their failure to cooperate included their negligent failure to adequately investigate, follow up and/or prosecute any kind of action either disciplinary, within the school system or in Family Court against the perpetrators student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU. The same holds true for supervisory personnel at the BD. OF ED and the same inaction also was exhibited by the NYCPD.

40.     Plaintiff SHAYLA A. sustained serious bodily injuries and/or emotional distress as a result of the actions of the said 3 male students/defendants. The plaintiff mother also suffered severe emotional distress and embarrassment; together with other injuries and inconveniences spelled out herein and in the Notice of Claim served upon the defendants e.g. the cost of a private parochial school, additional transportation costs and like.

41.     As a result of the treatment at the hands of the defendants' (in particular the BD. OF ED. and student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU, N.Y.P.D.), infant- plaintiff SHAYLA A. suffered physical and mental injury, pain, humiliation and emotional distress, the interruption of her

education, had to spend additional time traveling to a new school, that the plaintiffs ALVAREZ both suffered emotional distress, pain and humiliation. The plaintiff mother had to expend money to pay for a private parochial school for the infant plaintiff and incur other related expenses.

42.     Upon information and belief, the abuse to which the plaintiffs were subjected was consistent with an institutionalized practice of the BD. OF ED. of the City of New York, and the New York City Police Department, which was known to and ratified by defendant City of New York, said defendants having at no time taken any effective action to prevent BD. OF ED. and/or police personnel from continuing to engage in such misconduct and/or negligent failure to act.

43.     Upon information and belief, defendants City of New York and/or BD. OF ED. and/or NYCPD had prior notice of the propensities of defendant BD. OF ED. personnel and/or N.Y.P.D. officers and/or staff for lack of training, but took no steps to train them, correct their abuse of authority or to discourage their unlawful use of authority and/or failure to act. The failure to properly train said defendants included lack of instruction as to the proper procedure to protect students who were threatened and/or sexually assaulted by fellow students and/or to investigate and prosecute them for their transgressions and/or follow through and/or make a complaint to the N.Y.P.D. and/or to provide a "safety transfer" and/or to prosecute them in Family Court or as adults in the court system and report them to the District Attorney's office.

44.     Upon information and belief, defendants City of New York and/or NYCPD and BD. OF ED. authorized, tolerated as institutionalized practices, and ratified the misconduct herein before detailed by: (a) failing to properly discipline, restrict and

control their students as well as their BD. OF ED. and/or N.Y.P.D. employees and/or staff, including defendant supervisors PRINCIPAL MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON and supervisory staff at M.S. 137, and/or N.Y.P.D. police officers, known to be irresponsible in their dealings with students, parents, and/or citizens of the community; (b) failing to take adequate precautions in the hiring, promotion and retention of BD. OF ED. and/or police personnel and/or staff including specifically defendant BD. OF ED. "supervisors" noted herein and/or police officers; (c) failing to forward to the Family Court, Queens County and/or District Attorney Queens County evidence of criminal acts committed by the perpetrator(s) student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU and/or others; and (d) failing to establish and/or assure the functioning of a meaningful departmental system for dealing with complaints about students and/or BD. OF ED. supervisors or employees and/or police misconduct, and/or negligent failure to act to secure the safety of a student here infant plaintiff SHAYLA, and to prevent further sexual violence to that student, that instead of responding to valid complaints of the infant plaintiff which were supported on information and belief by the confessions of the said 3 male students and/or the evidence. Instead the defendant City, Board of Ed., N.Y.P.D., offered and made official denials calculated to mislead the public/plaintiffs and in effect their failure to take action, denigrated and punished the innocent student (infant plaintiff) and her parent IRLANDA DE ALVAREZ who fastidiously took every step humanly possible to try to secure a safe and complete education for her child. This conduct also constitutes negligence and/or gross negligence under state law.

45.    As a consequence of the abuse of authority detailed above, the plaintiffs sustained the damages heretofore alleged.

## FEDERAL CAUSES OF ACTION

46.    Each and every allegation set forth in Paragraphs "1" through "33" is incorporated herein by reference.

47.    The above described actions and omissions, engaged in under color of state authority by defendants, including defendants City, NYCPD, BD. OF ED. responsible because of its authorization, condonation and ratification thereof for the acts of its agents, deprived plaintiffs of rights secured to them by the Constitution of the United States, including but not limited to their rights to life, liberty and the pursuit of happiness as set forth in the Declaration of Independence and their Eighth Amendment right to be free from cruel and unusual punishment, and their fourteenth amendment right to due process of law and of equal protection under the law.

48.    Defendant BD. OF ED. acted in loco parentis as to the health and safety of the student infant child.

## PENDING CAUSES OF ACTION

49.    Each and every allegation set forth in Paragraphs "1" through "36" is incorporated herein by references.

50.    Plaintiffs filed a written Notice of Claim with defendant City of New York within 90 days after plaintiffs' claim arose, demanding adjustment and payment, as mandated by Section 50(e) of the General Municipal Law of the State of New York.

51.     More than 30 days have elapsed since service of such Notice of Claim and

adjustment or payment thereof has been neglected or refused. Which is incorporated in its

entirety as part of the instant complaint and reads as follows:

"PLEASE TAKE NOTICE that the claimants herein hereby make individual claims and demands against THE CITY OF NEW YORK, THE NEW YORK CITY BOARD OF EDUCATION/ DEPARTMENT OF EDUCATION, M.S. 137, PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON, NEW YORK CITY POLICE DEPT., STUDENT RANDAL LNU(Last Name Unknown), STUDENT JONATHAN LNUAND STUDENT PICE LNU as follows:

This is an action for damages sustained by plaintiff SHAYLA A., (herein after referred to as SHAYLA, daughter or infant plaintiff) an infant and by plaintiff IRLANDA DE ALVAREZ (herein after referred to as the plaintiff, parent, mother, and/or ALVAREZ,) her mother and natural guardian, and IRLANDA DE ALVAREZ individually against the CITY of NEW YORK (hereinafter referred to as the CITY) and NEW YORK CITY DEPARTMENT OF EDUCATION A/K/A THE BOARD OF EDUCATION OF THE CITY OF NEW YORK (hereinafter referred to as BD. OF ED. or DEPARTMENT OF EDUCATION or D.O.E.) who through its employees, agents and/or assigns unlawfully permitted the infant child SHAYLA A. to be assaulted and harassed sexually and otherwise. SHAYLA A. and by plaintiff IRLANDA DE ALVAREZ individually and as, her mother and natural guardian, hereby makes formal claim for personal injuries suffered and arising from the unlawful acts of the defendants THE CITY OF NEW YORK, THE NEW YORK CITY BOARD OF EDUCATION/ DEPARTMENT OF EDUCATION, M.S. 137, PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON, as the supervisory body(ies) responsible for the conduct of the defendants and for its failure to take corrective action with respect to BD. OF ED. personnel for their failure to act, etc. and/or individual defendants, PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON, who also failed to act or take any action or account of the vicious predatory propensities of children felon classmates STUDENT RANDAL LNU(Last Name Unknown), STUDENT JONATHAN LNU and student PICE LNU that were so notorious; that defendants failed to assure proper training and supervision of the personnel and/or to implement meaningful procedures to discourage lawless official conduct. THE NEW YORK CITY BOARD OF EDUCATION, REGION 8, M.S. 137 which is/are sued as a "person" under Title 42 USC 1983; and the actions of THE NEW YORK CITY

BOARD OF EDUCATION/DOE, M.S. 137, in failing to prosecute a case against other classmates STUDENT RANDAL LNU (Last Name Unknown), STUDENT JONATHAN LNU and student PICE LNU; who sexually attacked and/or molested and compromised SHAYLA A. and/or who failed to remedy the severe conditions/situation which led to the necessity to have the infant child transferred to a catholic school since nothing was done by the Board of Ed./DOE to have the three male students removed and/or punished; the plaintiff mother requested the removal of 3 male students to a different educational institution which was not instituted by defendants even though there was reason for them to be transferred. The defendants' actions and/or failure to act necessitated the action of having to transfer her daughter to catholic school on November 9, 2009 since the Board of Ed. failed to transfer the boys. That the BD. OF ED./DOE failed to issue a reprimand or punish, or attempt to arrest the said perpetrators fellow classmates. All of which resulted in mental and emotional distress to both of the plaintiffs; plaintiffs seek recovery for their aforesaid damages, attorney's fees, etc.

2.      Through their negligence and/or their negligent failure to act and/or as to the BD. OF ED./DOE they are expected to act in loco parentis and take reasonable and prudent steps required to protect children in school.

A. That claimant SHAYLA A. by her mother and natural guardian MRS. IRLANDA DE ALVAREZ, SHAYLA hereby alleges that she was sexually attacked, molested and then thereafter with bodily harm the child SHAYLA was sexually attacked by the said three boys on 10/15/09 and 10/21/09 and touched about her private parts (they attempted to pull down her pants) thereafter she was threatened on 11/3/09 by the same boys and suffered intentional infliction of mental distress, was negligently assaulted and/or supervised, etc.; was assaulted sexually and otherwise and/ or was a victim of an assault(s) on her person and subsequently threatened by the 3 males with acts of violence on 11/3/09 and/or thereafter if she reported the incident, that the Board of Ed. refused to take any action in regard to the sexual oppression and plaintiffs have a claim in prima facie tort; that her mother MRS. IRLANDA DE ALVAREZ and the child have separate and distinct claims for intentional infliction of mental distress, negligence and prima facie tort, etc., etc., arising out of the events described herein.

      i.      In regard to the negligence of the N.Y.P.D.: the police failed to make a report even though the mother went to the police station on the following dates 10/16, 10/19, 10/21, 10/22, and 11/9/09; the police made absolutely no action and negligently failed to make a report. Nor did they make a report after being called to the school.

      ii.      In regard to the negligence of the D.O.E.: WILKINS said to wait until the next day because the office was closed and then took no action whatsoever to remove the boys from the school or discipline them in any way; never advised of and/or made a "safety transfer" or provided counseling or spoke to the police.

iii. Title IX, which prohibits sexual discrimination and sexual harassment in schools receiving federal funds, defendants are liable under Title IX for retaliating against child in that they refuse to take any action thereby requiring the mother to transfer the child to a catholic school, incur the expense of education and the interruption of the child's education. Title IX of the Education Amendments of 1972 ("Title IX"), provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §1681. Plaintiff child was so denied.

B.  In addition thereto that all claimants noted above: MRS. IRLANDA DE ALVAREZ and her infant daughter SHAYLA A., have separate and distinct claims arising out of events wherein BOARD OF ED., THE NEW YORK CITY BOARD OF EDUCATION/ D.O.E., M.S. 137 totally failed to take any action whatsoever to punish the said fellow students three males and forced the child from the school where she was the subject of ridicule and embarrassment and was subjected to public ridicule and defamation as to the said actions of fellow students three males illegally taken against claimant SHAYLA A. and/or her mother MRS. IRLANDA DE ALVAREZ suffered mental and emotional distress, and emotional trauma both of said claimants were harassed, etc., etc.  (Please note that mother was at the exact location/'zone' when some of said actions affecting her daughter took place.) e.g. defendants took no action and refused to transfer the three boys to another school.

C. Claimants made formal demand and claim for punitive and/or compensatory damages.

1. The name and post-office address of each claimant and of their attorney is:

claimants all reside at same address as noted below:

| | |
|---|---|
| Stuart R. Shaw | IRLANDA DE Alvarez |
| Attorney at Law | SHAYLA A. |
| 240 Madison Avenue, 7th Fl | 86-28 121st Street, |
| New York, NY 10016 | Richmond Hill, NY 11418 |

2. The nature of the claim: see paragraphs A & B above and as to 4/16/01 Plaintiff SHAYLA A. was sexually molested, assaulted, by the said 3 male students who was in a school owned and operated by the City of New York (M.S. 137.) which is "run" by the BOARD OF ED./DOE.

3. The time when, the place where and the manner in which the claims arose:  Claimant SHAYLA A. was at about on or in M.S. 137 and/or was first approached by the said three male students in said school where she was a student and she was only 11 years old or younger that she and her mother suffered etc., from the illegal actions of the BOARD OF ED. and/or the other defendants because of the actions of 3 male students see above for all of claimants' causes of action etc. And/or failure to take

any action that the sexual assault and related behavior probably happened 10/15 and 10/21 or on or about 11/3/09 that it continued thereafter and on information and belief may have begun in October by the three male students and threats continued into November. That on information and belief separate attacks and sexual activity initiated by the three male students occurred at or about the school and the activities of the three male students were quite overt and so much so that the counselor, the teacher and/or other school officials and personnel were aware and/or should have been aware of the situation and/or negligently failed to report this situation and take any steps to terminate it and/or steps to protect the child. Nor were any steps taken to notify the parents and in particular the infant plaintiff's mother requested procedures to be undertaken and enforced. That to date the Board of Ed. has taken absolutely no action to rectify the situation and the infant child is out of public school and the Board of Ed. did nothing to provide said three boys with an alternate site to continue their education. Nor have the said three boys been removed from the school or disciplined by the Board of Ed.!

6. The items of damage or injuries claimed are:  Improper supervision of the minor child SHAYLA &/or three male students who sexually assaulted her and there were threats of physical violence, required her to have ended her school year and education (upon information and belief the claimant SHAYLA A.'s education suffers dramatically since the sexual advances & predatory acts of threats of physical violence), required plaintiffs to seek medical attention; that both claimants have incurred legal fees & suffered other losses loss of earnings; damage to plaintiffs' reputations; the impairment of mother's earning power; school work and reputations affected expenses in prosecuting case including plaintiff's having to pay for a catholic school; plaintiffs' health was impaired, intentional infliction of mental distress, emotional trauma, etc., etc.

Together with loss of earnings;  cost of defending case;  damage to plaintiffs' reputation;  the impairment of his earning power;  expenses in defending case;  plaintiffs' health was impaired, intentional infliction of mental distress, assault, emotional trauma and physical injury.

Total amount claimed: For negligence, intentional infliction of mental distress, assault, Title IX claims: five million ($5,000.000.00) dollars for each of the above noted claimants/victims; five million ($5,000.000.00) dollars for each of the above noted claimants/victims for punitive and/or compensatory damages; together with interest courts costs and attorneys fees; against each individual defendant named.

That said claims and demands are hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE that by reason of the premises, in default of the City of New York and/or THE CITY OF NEW YORK, THE NEW YORK CITY BOARD OF EDUCATION/ DEPARTMENT OF EDUCATION, M.S. 137, PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR.

MCGOEY, COUNSELOR ANTHONY DON, NEW YORK CITY POLICE DEPT., to pay to the claimants their claim within the time limited for compliance with this demand by the said City of New York by the statutes in such cases made and provided, claimant intends to commence an action against the City of New York to recover his damages with interest and costs [see General Municipal Law ☐ 50-e(2), clause (4), and etc.]. Individual claims will be made against STUDENT RANDAL LNU(Last Name Unknown), STUDENT JONATHAN LNUAND STUDENT PICE LNU and/or their parents."

52.    This action has been commenced within one year and ninety days after the discovery of student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU' transgressions, pursuant to Section 215(8) of the New York CPLR and/or within one year and 90 days of the date of the incidents alleged in the complaint beginning on or about October 2009 pursuant to Section 50 of the General Municipal Law of the City and State of New York.

53.    The acts and conduct herein before alleged constitute negligence. That the infant claimant SHAYLA A., by her mother and natural guardian MRS. IRLANDA DE ALVAREZ, was in effect harassed, sexually assaulted on more than one occasion and thereafter; that she suffered bodily harm and suffered emotional distress or in effect was the victim of intentional infliction of mental distress, was negligently assaulted and/or the Board of Ed. negligently failed to supervise the three male students perpetrators and infant plaintiff; was assaulted sexually and otherwise and/ or was a victim of more than 1 assault(s) on her person, and has valid claims for assault, negligence, intentional infliction of mental distress and prima facie tort as well; that her mother MRS. IRLANDA DE ALVAREZ has a separate and distinct claims for intentional infliction of mental distress, negligence and/or prima facie tort, torts under the laws of the State of New York. This Court has pendent jurisdiction to hear and adjudicate those claims. That

the plaintiffs each individually has a separate and distinct cause of action for punitive and/or compensatory damages.

## ATTORNEYS' FEES

54.   Plaintiffs are entitled to an award of attorneys' fees, pursuant to 42 U.S.C. 1988 (b); 42 U.S.C. 1983.

**WHEREFORE**, plaintiffs individually demand the following relief, jointly and severally, against all the defendants individually: One million ($1,000,000.00) dollars against each defendant for each cause of action in negligence (including failure to act-in loco parentis), for assault, fraud, intentional infliction of mental distress, prima facie tort, in favor of each individual plaintiff against each individual defendant and Punitive Damages $1,000,000.00 individually against each Defendant and/or Compensatory Damages $1,000,000.00 individually against each Defendant.

1.   Negligence
    a.   failure to act-in loco parentis
2.   Intentional infliction of mental distress
3.   Prima facie tort
4.   Fraud
5.   Assault   including   physical   and   sexual assaults)
6.   Compensatory damages
7.   Punitive damages

TOTAL AMOUNT CLAIMED: $34,000,000.00

A.   Individual Tort Claims, one million ($1,000,000.00) dollars each against each of the individual defendants in behalf of each plaintiff or thirty four million ($34,000,000.00) dollars.

B.   Compensatory damages in the amount of One Million ($1,000,000.00) Dollars against each defendant in behalf of each plaintiff individually;

C.   Punitive damages in the amount of Five Million Dollars against each

defendant individually in behalf of each plaintiff individually;

D.   Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and

E.   For such other and further relief as to the Court deems just and proper.

Dated:  New York, New York
       August 31, 2010

Law Office of Stuart R. Shaw,

By: _____

Attorney for Plaintiffs
30 West 95th Street, 1st Fl
New York, NY  10025
(212) 661-6750

TO:  Comptroller of the City of New York
c/o Corp. Counsel
100 Church Street
New York, NY 10007

The New York City  Board of Education
Dept. of Education
52 Chambers Street
New York, NY 10007

M.S. 137,
109-15 98th Street,
Queens, NY 11417

Principal Laura Mastriogiovanni
C/O M.S. 137,
109-15 98 Street,
Queens, NY 11417

Vice Principal Ms. Zoanne Wilkins,
 C/O M.S. 137,
109-15 98 Street,
Queens, NY 11417

Teacher Mr. McGoey,
C/O M.S. 137,
109-15 98 Street,
Queens, NY 11417

Counselor Anthony Don
c/o M.S. 137, 109-15 98 Street,
Queens, NY 11417

New York City Police Dept.
One Police Plaza,
New York, N. Y. 10038-1497

COP "1" THROUGH "4",
"SERGEANT"
c/o New York City Police Dept.
One Police Plaza,
New York, N. Y. 10038-1497

Student Randal LNU (Last Name Unknown),
Jane Doe No. and John Doe No. 1
C/O M.S. 137,
109-15 98 Street,
Queens, NY 11417

Student Jonathan LNU,
Jane Doe No. 2 and John Doe No. 2
C/O M.S. 137,
109-15 98 Street,
Queens, NY 11417

Student Pice LNU,
Jane Doe No. 3 and John Doe No. 3
C/O M.S. 137,
109-15 98 Street
Queens, NY 11417

| UNITED STATES DISTRICT COURT | Docket No. 2010 CIV |
|---|---|

**EASTERN DISTRICT OF NEW YORK**

In the Matter of the Claims of
IRLANDA DE ALVAREZ INDIVIDUALLY AND AS PARENT AND GUARDIAN FOR
HER INFANT CHILD: SHAYLA A. & SHAYLA A. AN INFANT,

Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY BOARD OF EDUCATION/
DEPARTMENT OF EDUCATION, M.S. 137, PRINCIPAL LAURA MASTRIOGIOVANNI,
VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR
ANTHONY DON, NEW YORK CITY POLICE DEPT., COP "1" THROUGH "4",
"SERGEANT", RANDAL LNU (Last Name Unknown) AND HIS PARENTS AND/OR
GUARDIANS "JANE DOE" NO. 1 AND "JOHN DOE" NO. 1, JONATHAN LNU AND HIS
PARENTS AND/OR GUARDIANS "JANE DOE" NO. 2 AND "JOHN DOE" NO. 2, PICE
LNU AND HIS PARENTS AND/OR GUARDIANS "JANE DOE" NO. 3 AND "JOHN DOE"
NO. 3,

Defendants.

**SUMMONS AND COMPLAINT**

**STUART R. SHAW**
*Attorney for Claimants*
**30 West 95th Street, 1st Fl**
**New York, NY 10025**
**(212) 661-6750**

*To:*
*Attorney(s) For:*

| *Service of a copy of the within* | | *is hereby admitted.* |
|---|---|---|
| *Dated:* | | |
| | *Attorney(s) for* | |
| *Dated:* 9/27/10 | *Signature Rule 130.1-1A* | |
| | *Attorney(s) for Claimants Stuart R. Shaw* | |

*Please Take Notice*

? Notice 20 of Entry — *that the within is a (certified) true copy of a* _____ *entered in the office of the clerk of the within named Court on*

? Notice of at Settlement — *that an Order of which the within is a true copy will be presented for settlement to one of the judges of the within named Court,* the Hon. _____ on _____ 20, at _____ M.