UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IRLANDA DE ALVAREZ
INDIVIDUALLY AND AS PARENT
AND GUARDIAN FOR HER INFANT
CHILD: SHAYLA A. &
SHAYLA A. AN INFANT,

                      Plaintiffs

     -against-
THE CITY OF NEW YORK, THE
NEW YORK CITY BOARD OF
EDUCATION/ DEPARTMENT OF
EDUCATION, M.S. 137, PRINCIPAL
LAURA MASTRIOGIOVANNI, VICE
PRINCIPAL MS. ZOANNE WILKINS,
TEACHER MR. MCGOEY, COUNSELOR
ANTHONY DON.
                   Defendants.
----------------------------------------------------------x

AMENDED
COMPLAINT

Docket No.
2010 CIV 4434 (LB)

## INTRODUCTORY STATEMENT

1.      This is an action for damages sustained by plaintiffs SHAYLA A., (hereinafter

referred to as SHAYLA, plaintiff or infant plaintiff) an infant and by plaintiff IRLANDA

DE ALVAREZ (herein after referred to as the plaintiff, parent, mother, and/or

IRLANDA,) her mother and natural guardian, and IRLANDA DE ALVAREZ

individually against the CITY OF NEW YORK (hereinafter referred to as the CITY), and

the NEW YORK CITY DEPARTMENT OF EDUCATION A/K/A THE BOARD OF

EDUCATION OF THE CITY OF NEW YORK (hereinafter referred to as DEPT. OF

EDUCATION, D.O.E.  AND/OR BD. OF ED.), who through its employees, agents

and/or assigns unlawfully failed to investigate and/or prosecute those students (named

hereinafter) that had harassed, and/or sexually harassed, assaulted and/or sexually

assaulted/molested SHAYLA A., an infant (by plaintiff IRLANDA DE ALVAREZ, her

mother and natural guardian); for personal injuries infant plaintiff suffered and arising

from the unlawful acts of the said defendants, and against the CITY, as the supervisory

body responsible for the conduct of the defendants and for its failure to take corrective

action with respect to personnel and/or their employees for their failure to act, etc. and/or

D.O.E./ BD. OF ED., supervisors, teachers, personnel including but not limited to

PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE

WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON whose

negligent propensities are and were notorious in their failure to assure proper training and

supervision of the personnel, or to implement meaningful procedures to discourage

lawless conduct by students; The said entities and/or individual(s) is/are sued as a

"person" under Title 42 USC 1983; and the actions of the BD. OF ED. in failing to

prevent, investigate and/or to prosecute or take sufficient protective action or file a case

against student RANDAL LNU, student JONATHAN LNU and student PICE LNU who

each individually sexually harassed and attacked the infant plaintiff SHAYLA A., a

minor. Specifically student RANDAL LNU, student JONATHAN LNU and student

PICE LNU (hereinafter referred to as student RANDAL LNU (LAST NAME

UNKNOWN), student JONATHAN LNU and student PICE LNU  respectively and/or

male students), (all said infant male students attend the school M.S. 137 owned and

operated by D.O. E.), who were the perpetrators/ culprits and their respective parents and

guardians and/or the failure to remedy the situation/ conditions and/or to sufficiently

monitor, investigate and/or because the BD. OF ED. failed and continued to fail to take

any action and/or to reprimand, punish, or report the incident to the proper authorities

such as the Family Court. That the D.O.E/ Board of Education negligently failed to file a

criminal complaint of any kind with any Court and/or to the District Attorney of Queens

County, NYPD and/or with Family Court prosecutors or institute internal procedures/ formal hearings. The complaint is based on the facts that the said student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU had harassed, assaulted, sexually assaulted and/or made "sexual advances" on one or more occasion against the said minor child including on the premises of the SCHOOL M.S 137 and that at least one of said "assaults"/ harassments/altercations which was at her SCHOOL M.S. 137 located at 109-15 98th Street, Queens, New York 11417. The defendants BD. OF ED., and the NYCPD and their supervisors, staff, employees and the like, despite notice and specific requests to take action had done nothing whatsoever to prosecute said students in a court of law nor did they satisfactorily inquire and/or investigate or have arrested the said perpetrators student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU; all of which resulted in mental and emotional distress to both of the plaintiffs; Plaintiffs seek recovery for their aforesaid physical and/or emotional damages, attorney's fees, and the like.

2.      The defendants CITY, D.O.E./BD. OF ED., PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON, through their negligence and/or their negligently failure to act and/or as to the defendant D.O.E./BD. OF ED. that in effect acts "in loco parentis" negligently failed to monitor the said individual male students and/or make a viable attempt to prevent a recurrence of the said assault/harassment/altercation and/or safeguard the infant minor plaintiff and for their initial negligence to take reasonable and prudent steps required to protect children/students (here the infant-plaintiff) enrolled in its care and to prevent said occurrence(s), to investigate same and to

3

prosecute the said male students Defendants and/or personnel who negligently failed to act and/or to apprise said male students their parents or guardians and/or to effectively engage said male students and/or their parents and/or guardians and/or take them to task.

<u>JURISDICTION</u>

3.    A.    This action arises under Sections 1983 and 1988 of Title 42 of the United States Code, and the First, Eighth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution of the State of New York and the laws of the State of New York and the case law arising thereunder in similar Title 42 USC 1983 matters. Plaintiffs also rely on Title IX of the Education Amendments of 1972; 20 USC Sect. 1681.

   B.    On information and belief American Disabilities Act (hereinafter referred to as ADA) and/or Sect. 504 of the Rehabilitation act of 1973, the Individuals with Disabilities Educational Act (hereinafter referred to as IDEA) and/or FAPE (Free Appropriate Public Education).

<u>PARTIES</u>

4.    IRLANDA DE ALVAREZ individually and as parent and guardian for her infant child: SHAYLA A. & SHAYLA A., an infant. Both said plaintiffs resided at 86-28 121st Street, Richmond Hill, NY 11418 which is located in Queens County in the Eastern District of New York.

5.    At all times relevant to the allegations of this complaint, student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU was/were individuals residing in Brooklyn, New York at an address known to defendants D.O.E. and were male students enrolled at the infant plaintiff's school in Brooklyn and in

effect students that were supposed to be monitored and supervised by defendant Board of Ed. and its employees. On information and belief all said three individuals are minors and have a parent(s) and/or guardian(s) who reside with them in Queens, New York at an address known to the defendant D.O.E.  At all times relevant, defendant BD. OF ED employees, supervisory personnel and the like were responsible for the said students during school hours specifically the infant plaintiff and defendants student RANDAL, student JONATHAN LNU, student PICE LNU and/or other BD. OF ED. personnel at the SCHOOL in question including but not limited to supervisors, the principal, deans, teachers, counselors, administrators and/or security staff (some of whose identities and addresses are presently unknown to plaintiff) and/or are on information and belief are known to the BD. OF ED., and specifically student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU (LAST NAME UNKNOWN), and student PICE LNU (LAST NAME UNKNOWN), and/or their teachers and/or other personnel and/or security officers employed by the BD. OF ED. Said employees of the D.O.E. /BD. OF ED. were employed by defendants CITY, D.O.E./ BD. OF ED. to perform duties in and for the City of New York, specifically at the SCHOOL denoted herein and elsewhere. At all times relevant, employee defendants of D.O.E. were acting in the capacity of agents, servants and employees of defendant City of New York and are sued individually and/or in their official capacity.

6.	At all times relevant, defendant BD. OF ED., was/were a municipal corporation(s) duly formed under the laws of New York State, and/or an agency, subdivision, department, etc. of the defendant City (City of New York) duly formed pursuant to law and/or is/are a domestic and public benefit corporation organized or existing under and

by virtue of the laws of the State of New York. The D.O.E. was the employer and supervisor of defendant BD. OF ED. and defendants supervisory staff PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, and defendants COUNSELOR ANTHONY DON, for the said students complained of, student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU as were other unnamed unidentified D.O.E. teachers at this time and/or security officers at the school M.S. 137. As such, BD. OF ED. was/were responsible for training, supervision and conduct by said defendants' employees and staff. Said were also responsible, under law, for enforcing the rules and regulations of the BD. OF ED. and/or New York City & State laws and rules and regulations and for ensuring that City of New York, BD. OF ED., and/or supervisory staff, security and personnel, as well as police officers in the employ of the NYCPD and supervisors and staff obey and enforce the laws of the City and State of New York and of the United States and/or rules and regulations of their respective entities (DOE and/or N.Y.P.D.)

7.     At all times relevant, defendant BOARD OF EDUCATION was a municipal corporation duly formed under the laws of New York State and/or an agency, subdivision, department, etc. of the City of New York duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York, and was the employer and supervisor of defendant police officers. As such, it was responsible for training, supervision and conduct by defendants of its supervisory staff, personnel, security officers, etc. It was also responsible, under law, for ensuring the safety and welfare of its students.

8.      At all times relevant, defendants PRINCIPAL LAURA MASTRIOGIOVANNI,

VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY,

COUNSELOR ANTHONY DON, D.O.E./ BD. OF ED. were employed by the D.O.E.,

BD. OF ED. and/or was/were employees and/or supervisors duly employed by D.O.E..

As such, each of said individual defendants PRINCIPAL LAURA

MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR.

MCGOEY, COUNSELOR ANTHONY DON was responsible under law, for enforcing

the regulations of the New York City D.O.E. and for ensuring that City of New York

school personnel and/or NYCPD security officers stationed in the school enforce the laws

of the City and State of New York and of the United States and that their students obey

said laws, and were charged with the duty to act "in loco parentis" for their students.

9.      At all times relevant, student RANDAL LNU (LAST NAME UNKNOWN),

student JONATHAN LNU and student PICE LNU (hereinafter also referred to as the

perpetrators, RANDAL, JONATHON, PICE,) were and are male students duly enrolled

by D.O.E. at M.S. 137, Queens County, New York on 10/15/09 through 11/9/09 and

thereafter. That MASTROGIOVANNI is the principal of M.S. 137 and the VICE

PRINCIPAL is MS. ZOANNE WILKINS, that TEACHER MR. MCGOEY was the

teacher who witnessed and/or reported the incident, COUNSELOR ANTHONY DON

was also aware of the incident and are employees of the BD. OF ED. and on information

and belief were in the employ of the BD. OF ED. and working at M.S. 137 at the time of

either the failure to grant a "safety transfer" to plaintiff and/or at the time of the illegal,

immoral and reprehensive attacks upon the infant plaintiff SHAYLA A. The names and

addresses of the perpetrators, male students being student RANDAL LNU (LAST NAME

UNKNOWN), student JONATHAN LNU and student PICE LNU, and/or the full name

and addresses of the N.Y.P.D.  police officers and/or superiors that refused to file or

make a report, are unknown to plaintiffs and their counsel.

10.    Plaintiffs allege that PRINCIPAL LAURA MASTRIOGIOVANNI, VICE

PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR

ANTHONY DON was and are responsible, under law, and Board of Ed. requirements for

enforcing the regulations of the BD. OF ED.; and for ensuring that laws and regulations

of the City and State of New York BD. OF ED are followed and enforced at the school

and in effect are responsible for the safety and well being of the students.

11.    At all times relevant hereto and in all their actions described herein, defendant

BD. OF ED. employees supervising and personnel, etc. were acting under color of law

and pursuant to their authority as BD. OF ED. personnel.

<u>FACTUAL ALLEGATIONS</u>

12.    That D.O.E./BD. OF ED. is/are on information and belief owned , operated and/or

subject to directives of the defendant CITY; That their superiors and personnel are also

answerable to the CITY.

13.   That at all times relevant to this complaint, or from on or about 10/15/09 and

thereafter, said defendants maintained and controlled in furtherance of its/ their business

of the said defendants, CITY and/or BD. OF ED.  in the Borough of Queens, City and

State of New York and was/were responsible for operating/ controlling: schools, school

districts, secondary schools and/or their teachers, administrators and personnel and staff,

police security in New York City including at New York City Middle Schools, and/or

school safety security officers, personnel and staff, and/or their personal employees and staff.

14.     On or about 10/15/09, 10/21/09, 11/3/09 and thereafter and/or other dates known to defendants, the infant plaintiff SHAYLA A. (hereinafter referred to as SHAYLA or plaintiff or infant plaintiff), while attending M.S. 137, located in New York City, Queens County, in the Eastern District of New York, who was lawfully on the premises encouraged through no fault of her own and/or contributory negligence on her part was harassed and/or sexually assaulted by several male students including student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU and/or other students whose names are unknown at said times but on information and belief are known to the defendants at the said school owned and operated by the defendant D.O.E./BD. OF ED. On information and belief it was at or about said location and time that student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU began to approach the infant plaintiff and made specific improper, illegal and/or immoral "sexual advances" to her including "advances" that involved touching of her personal parts at the premises of the said school; said "advances" were accompanied by lewd language and threats! The threats continued thereafter.

15.     On information and belief, student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU began to cause sexual harassing activities upon the infant plaintiff including physical touching of her personal parts (assault), which eventually resulted in the infant plaintiff becoming severely emotionally disturbed affecting her personal and school life. The infant plaintiff's mother, the plaintiff

IRLANDA DE ALVAREZ in October 2009 became aware of the fact that her daughter, the infant plaintiff had been a victim of the said sexual harassment and assault and other lewd and illegal behavior by said male students at the said school. That said acts were specifically caused by student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU. The plaintiffs, mother and daughter, had to make the difficult decision to file a complaint with the school even though said action could and did result in more harassment and threats by the said three male student defendants, in that the defendant DOE, the school did not properly investigate, follow through and/or did not properly report the incidents to the Family Court.  On information and belief after the incident was duly reported the 3 said male students, made "admissions against interest" in the presence of Board of Ed. witnesses that they were the individuals who had made the improper sexual advances, said illegal assaults (e.g. sexual assault upon the infant plaintiff), and that they had made sexual advances upon the infant plaintiff at the defendant CITY's school located in Queens County and/or thereafter elsewhere in Queens and Kings County and/or in the Eastern District of New York.

16.    Upon information and belief that the defendants student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU made the said admissions against interest without being coerced and when they did not appear to be under the influence of any kind of drug(s) or alcohol. That they made them freely and willingly. They each acknowledged and admitted that they had made the sexual advances, assaults, touching of the infant plaintiff's private parts and lewd language and threats upon the infant plaintiff and were responsible for the use of the infant child SHAYLA A.' depression and fear to attend the school. That PRINCIPAL LAURA

MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR.

MCGOEY, COUNSELOR ANTHONY DON were aware of the incident(s) and

admission(s) and took no effective action to remedy the situation and/or to protect and

safeguard the infant plaintiff.

17.     Upon information and belief the Board of Ed. Personnel and/or teachers, having

heard the confession(s) of the said 3 male students and/or being advised of their illegal

behavior and actions from other witnesses present who on information and belief gave

statements to BD. OF ED. personnel at the said School, did not effectively discipline the

said 3 male students and/or protect the infant plaintiff. The said personnel negligently

failed to do anything about student RANDAL LNU (Last Name Unknown), student

JONATHAN LNU and student PICE LNU.

18.     The plaintiff mother also related the incidents and fact that there were

confession(s) made by the said 3 male students to N.Y.P.D. police officers who came to

the school and D.O.E. and their personnel negligently failed to take action to protect the

infant plaintiff and/or to properly discipline the said three male students and/or others; to

protect the infant plaintiff from the bullying, sexual harassment and violation of her civil

liberties.

19.     Specifically, the Board of Ed. did nothing despite notice and repeated threats to

infant plaintiff to remove the three male students from the school and allegedly allowed

and permitted all three to remain in the school in continued close proximity to young

impressionable female students at the school and the infant plaintiff and/or failed to

follow up and report/refer the said 3 male students for disciplinary action hearings and

the like and/or to the Family Court. On information and belief the actions of the three

male students specifically student RANDAL LNU (Last Name Unknown), student JONATHAN LNU and student PICE LNU should have been prosecuted in the Family Court e.g. for assault and/or illegal sexual harassment under New York State Penal Law Art. 130; Sect. 130.00, 130.20, 130.25, 130.40, 130.95, 130.96, 240.20.

20.     The D.O.E.  negligently failed to bring disciplinary actions did absolutely nothing in regard to student RANDAL LNU (Last Name Unknown), student JONATHAN LNU and student PICE LNU.

21.     The infant plaintiff's mother, when making complaints to the school administrative personnel, was advised that Board of Ed. personnel had observed student RANDAL LNU (Last Name Unknown), student JONATHAN LNU and student PICE LNU making improper advances to the infant plaintiff on school property and had done nothing about it! In addition thereto, the infant plaintiff's friends and students at the same school also told plaintiff mother that they had observed improper behavior by student RANDAL LNU (Last Name Unknown), student JONATHAN LNU and student PICE LNU towards the infant plaintiff and the school staff were aware of it and did nothing.

22.     The infant plaintiff not only was physically and sexually abused but suffered and continue(s) to suffer emotional and mental stress and strain caused by the defendants' negligent actions. The infant plaintiff was embarrassed and unable to attend the school any longer since the said 3 male students continued to harass her thereafter. She fears their presence. Her grades suffered; her health suffered; her self esteem and self worth suffered and she was unable to emotionally continue on in school and also was severely limited in her capacity to continue to function as a normal child in her home as well.

23.     The plaintiff mother also suffered mental and emotional stress and strain and this was exacerbated in regard to all that transpired with the defendant CITY, D.O.E. who blatantly refused to cooperate in any way, shape, form or manner with her or her daughter. Defendants CITY, D.O.E., PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON, and/or their superiors, teachers, and the like failed to take the necessary steps/actions to remedy the situation and/or to act to try to rectify the totally deteriorating situation. That they in effect by their inaction have negligently caused and/or negligently permitted the harassment to continue. That the infant plaintiff's mother hired an attorney who communicated by a notice of claim to the defendants thereby affording them additional notice to take action without any result whatsoever.

24.     That on information and belief the mental and emotional damage to the plaintiffs has resulted in permanent injury in that both plaintiffs are psychologically distraught and emotionally spent and in regard to the infant plaintiff her education has all but been ruined; all because of the actions or failure to act of the defendants/ and/or students as related herein.

25.     Upon learning of the sexual illegal assault against her daughter, IRLANDA DE ALVAREZ immediately called the SCHOOL and then went personally to the school and spoke to supervisory personnel at the SCHOOL to seek redress. She simultaneously telephoned the N.Y.P.D. and also attempted to file a complaint against student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU with the local police precinct who refused to take it! Thereafter, IRLANDA DE ALVAREZ called or went to said M.S. 137 and/or went to the local police precinct on

more than one occasion to try to seek redress for her daughter SHAYLA. The N.Y.P.D. refused to prepare and/or provide her with a police report!

26.     The reputation of the said infant plaintiff was destroyed by the sexual encounter(s) forced upon by student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU.

27.     PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON are school personnel and D.O.E. employees who was acting under their official capacity with the defendant BD. OF ED at the time the infant child was enrolled in the same school where the 3 named perpetrators/students were enrolled and worked for the BOARD OF EDUCATION.

28.     IRLANDA DE ALVAREZ literally got the "run-around" from the D.O.E. personnel and M.S. 137 and the N.Y.P.D., even though she went to the specific locations she was diverted to go to try to get redress and/or to obtain a safety transfer so that SHAYLA could be transferred to another school so the infant plaintiff would not be in contact with the said student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU so that she would not be in danger and/or in a state of constant fear. The infant mother's attempts to obtain a safety transfer to another D.O.E. school were thwarted, disregarded and/or denied. Her initial request to have the said 3 male students transferred were totally disregarded by the D.O.E. and its personnel.

29.     On information and belief student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU did admit to the alleged incident(s) and admits to their illegal actions. However, the Board of Ed. acted as though SHAYLA

A. was "the problem" even though SHAYLA A. had never been arrested in her life and had never had a disciplinary problem in the school. Despite the continued efforts of IRLANDA DE ALVAREZ in going to M.S. 137 and complaining to the D.O.E. officials, teachers and personnel there at the school. D.O.E. refused to remove, transfer or adequately discipline the said 3 male students. None of the school officials would help ALVAREZ with her requests and the supervisory personnel at D.O.E. would not help her either to suspend the 3 male students or remove them to another school and/or to permit the infant plaintiff to transfer (safety transfer). Under all the facts and circumstances IRLANDA DE ALVAREZ initially had to keep her infant daughter SHAYLA home with her, since SHAYLA was too distraught to attend school.

30.    On information and belief defendants NEW YORK CITY DEPARTMENT OF EDUCATION A/K/A THE BOARD OF EDUCATION OF THE CITY OF NEW YORK. PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON, despite repeated notice of said incident(s)/ crime(s) and violation(s) of SHAYLA refused to remove student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU from the school, suspend them and/or even investigate the serious complaints! The said 3 male students continued to harass the infant plaintiff on more than 1 occasion after the initial sexual assault. The "school" was advised but nothing was done to remedy the situation.

31.    IRLANDA DE ALVAREZ was required because of the recalcitrance of the defendants to retain counsel, STUART R. SHAW, ESQ. to represent her and her infant daughter; initially to try to have student RANDAL LNU (LAST NAME UNKNOWN),

student JONATHAN LNU and student PICE LNU removed, investigated or prosecuted on criminal charges returnable in Family Court in Queens County. No investigation or charges were ever filed by defendants BOARD OF ED., D.O.E. even though disciplinary hearings are continuously and routinely conducted by the D.O.E. for student misconduct.

32.     From the date that the mother became aware that her daughter had been sexually assaulted ALVAREZ alerted the school, the personnel at the BD. OF ED. of the City of New York and in particular at M.S. 137 and e.g. PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON were uncooperative. Their failure to cooperate included their negligent failure to adequately investigate, follow up and/or prosecute any kind of action either disciplinary, within the school system or in Family Court against the perpetrators student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU. The same holds true for supervisory personnel at the BD. OF ED .

33.     Plaintiff SHAYLA A. sustained serious bodily injuries and/or emotional distress as a result of the actions of the said 3 male students and/or the negligent actions/inactions of the defendants. The plaintiff mother also suffered severe emotional distress and embarrassment; together with other injuries and inconveniences spelled out herein and in the Notice of Claim served upon the defendants e.g. the cost of a private parochial school, additional transportation costs and like.

34.     As a result of the treatment at the hands of the defendants' (in particular the BD. OF ED. and student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU And student PICE LNU, N.Y.P.D.), infant- plaintiff SHAYLA A. suffered physical

and mental injury, pain, humiliation and emotional distress, the interruption of her education, had to spend additional time traveling to a new school, that the plaintiffs ALVAREZ both suffered emotional distress, pain and humiliation. The plaintiff mother had to expend money to pay for a private parochial school for the infant plaintiff and incur other related expenses.

35.    Upon information and belief, the abuse to which the plaintiffs were subjected was consistent with an institutionalized practice of the BD. OF ED. of the City of New York, which was known to and ratified by defendant City of New York, said defendants having at no time taken any effective action to prevent BD. OF ED. and/or police personnel from continuing to engage in such misconduct and/or negligent failure to act.

36.    Upon information and belief, defendants City of New York and/or BD. OF ED. had prior notice of the propensities of defendant BD. OF ED. personnel and/or staff for lack of training, but took no steps to train them, correct their abuse of authority or to discourage their unlawful use of authority and/or failure to act. The failure to properly train said defendants included lack of instruction as to the proper procedure to protect students who were threatened, bullied and/or sexually assaulted by fellow students and/or to investigate and prosecute them for their transgressions and/or follow through and/or initiate a student disciplinary hearing and/or to provide a "safety transfer" and/or to prosecute them in Family Court or as adults in the court system and report them to the District Attorney's office.

37.    Upon information and belief, defendants City of New York and BD. OF ED. authorized, tolerated as institutionalized practices, and ratified the misconduct herein before detailed by: (a) failing to properly discipline, restrict and control their students as

well as their BD. OF ED. employees and/or staff, including defendant supervisors PRINCIPAL MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON and supervisory staff at M.S. 137, known to be irresponsible in their dealings with students, parents, and/or citizens of the community; (b) failing to take adequate precautions in the hiring, promotion and retention of BD. OF ED. and/or personnel and/or staff including specifically defendant BD. OF ED. "supervisors" noted herein; (c) failing to forward to the Family Court, Queens County and/or District Attorney Queens County evidence of criminal acts committed by the perpetrator(s) student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN LNU and student PICE LNU and/or others; and (d) failing to establish and/or assure the functioning of a meaningful departmental system for dealing with complaints about students for sexual harassment, bullying and the like and/or BD. OF ED. supervisors or employees and/or student misconduct/bullying, and/or negligent failure to act to secure the safety of  a student here infant plaintiff SHAYLA, and to prevent further sexual violence to that student, that instead of responding to valid complaints of the infant plaintiff which were supported on information and belief by the confessions of the said 3 male students and/or the evidence. Instead the defendant City, Board of Ed., offered and made official denials calculated to mislead the public/plaintiffs and in effect their failure to take action, denigrated and punished the innocent student (infant plaintiff) and her parent IRLANDA DE ALVAREZ who fastidiously took reasonable action to try to secure a safe and complete education for her child. This conduct also constitutes negligence and/or gross negligence under state law.

38.      As a consequence of the abuse of authority detailed above, the plaintiffs sustained the damages heretofore alleged.

<u>FEDERAL CAUSES OF ACTION</u>

39.      Each and every allegation set forth in Paragraphs "1" through "33" is incorporated herein by reference.

40.      The above described actions and omissions, engaged in under color of state authority by defendants, including defendants City, BD. OF ED. responsible because of its authorization, condonation and ratification thereof for the acts of its agents, deprived plaintiffs of rights secured to them by the Constitution of the United States, including but not limited to their rights to life, liberty and the pursuit of happiness as set forth in the Declaration of Independence and their Eighth Amendment right to be free from cruel and unusual punishment, and their fourteenth amendment right to due process of law and of equal protection under the law.

41.      Defendant BD. OF ED. acted in loco parentis as to the health and safety of the student infant child.

<u>PENDING CAUSES OF ACTION</u>

42.      Each and every allegation set forth in Paragraphs "1" through "36" is incorporated herein by references.

43.      Plaintiffs filed a written Notice of Claim with defendant City of New York within 90 days after plaintiffs' claim arose, demanding adjustment and payment, as mandated by Section 50(e) of the General Municipal Law of the State of New York.

44.    More than 30 days have elapsed since service of such Notice of Claim and adjustment or payment thereof has been neglected or refused. Which is incorporated in its entirety as part of the instant complaint and reads as follows:

"PLEASE TAKE NOTICE that the claimants herein hereby make individual claims and demands against THE CITY OF NEW YORK, THE NEW YORK CITY BOARD OF EDUCATION/ DEPARTMENT OF EDUCATION, M.S. 137, PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON, NEW YORK CITY POLICE DEPT., STUDENT RANDAL LNU(Last Name Unknown), STUDENT JONATHAN LNUAND STUDENT PICE LNU as follows:

This is an action for damages sustained by plaintiff SHAYLA A., (herein after referred to as SHAYLA, daughter or infant plaintiff) an infant and by plaintiff IRLANDA DE ALVAREZ (herein after referred to as the plaintiff, parent, mother, and/or ALVAREZ,) her mother and natural guardian, and IRLANDA DE ALVAREZ individually against the CITY of NEW YORK (hereinafter referred to as the CITY) and NEW YORK CITY DEPARTMENT OF EDUCATION A/K/A THE BOARD OF EDUCATION OF THE CITY OF NEW YORK (hereinafter referred to as BD. OF ED. or DEPARTMENT OF EDUCATION or D.O.E.) who through its employees, agents and/or assigns unlawfully permitted the infant child SHAYLA A. to be assaulted and harassed sexually and otherwise. SHAYLA A. and by plaintiff IRLANDA DE ALVAREZ individually and as, her mother and natural guardian, hereby makes formal claim for personal injuries suffered and arising from the unlawful acts of the defendants THE CITY OF NEW YORK, THE NEW YORK CITY BOARD OF EDUCATION/ DEPARTMENT OF EDUCATION, M.S. 137, PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON, as the supervisory body(ies) responsible for the conduct of the defendants and for its failure to take corrective action with respect to BD. OF ED. personnel for their failure to act, etc. and/or individual defendants, PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON, who also failed to act or take any action or account of the vicious predatory propensities of children felon classmates STUDENT RANDAL LNU(Last Name Unknown), STUDENT JONATHAN LNU and student PICE LNU that were so notorious; that defendants failed to assure proper training and supervision of the personnel and/or to implement meaningful procedures to discourage lawless official conduct. THE NEW YORK CITY BOARD OF EDUCATION, REGION 8, M.S. 137 which is/are sued as a "person" under Title 42 USC 1983; and the actions of THE NEW YORK CITY

BOARD OF EDUCATION/DOE, M.S. 137, in failing to prosecute a case against other classmates STUDENT RANDAL LNU (Last Name Unknown), STUDENT JONATHAN LNU and student PICE LNU; who sexually attacked and/or molested and compromised SHAYLA A. and/or who failed to remedy the severe conditions/situation which led to the necessity to have the infant child transferred to a catholic school since nothing was done by the Board of Ed./DOE to have the three male students removed and/or punished; the plaintiff mother requested the removal of 3 male students to a different educational institution which was not instituted by defendants even though there was reason for them to be transferred. The defendants' actions and/or failure to act necessitated the action of having to transfer her daughter to catholic school on November 9, 2009 since the Board of Ed. failed to transfer the boys. That the BD. OF ED./DOE failed to issue a reprimand or punish, or attempt to arrest the said perpetrators fellow classmates. All of which resulted in mental and emotional distress to both of the plaintiffs; plaintiffs seek recovery for their aforesaid damages, attorney's fees, etc.

2.      Through their negligence and/or their negligent failure to act and/or as to the BD. OF ED./DOE they are expected to act in loco parentis and take reasonable and prudent steps required to protect children in school.

A. That claimant SHAYLA A. by her mother and natural guardian MRS. IRLANDA DE ALVAREZ, SHAYLA hereby alleges that she was sexually attacked, molested and then thereafter with bodily harm the child SHAYLA was sexually attacked by the said three boys on 10/15/09 and 10/21/09 and touched about her private parts (they attempted to pull down her pants) thereafter she was threatened on 11/3/09 by the same boys and suffered intentional infliction of mental distress, was negligently assaulted and/or supervised, etc.; was assaulted sexually and otherwise and/ or was a victim of an assault(s) on her person and subsequently threatened by the 3 males with acts of violence on 11/3/09 and/or thereafter if she reported the incident, that the Board of Ed. refused to take any action in regard to the sexual oppression and plaintiffs have a claim in prima facie tort; that her mother MRS. IRLANDA DE ALVAREZ and the child have separate and distinct claims for intentional infliction of mental distress, negligence and prima facie tort, etc., etc., arising out of the events described herein.

        i.      In regard to the negligence of the N.Y.P.D.: the police failed to make a report even though the mother went to the police station on the following dates 10/16, 10/19, 10/21, 10/22, and 11/9/09; the police made absolutely no action and negligently failed to make a report. Nor did they make a report after being called to the school.

        ii.     In regard to the negligence of the D.O.E.: WILKINS said to wait until the next day because the office was closed and then took no action whatsoever to remove the boys from the school or discipline them in any way; never advised of and/or made a "safety transfer" or provided counseling or spoke to the police.

iii. Title IX, which prohibits sexual discrimination and sexual harassment in schools receiving federal funds, defendants are liable under Title IX for retaliating against child in that they refuse to take any action thereby requiring the mother to transfer the child to a catholic school, incur the expense of education and the interruption of the child's education. Title IX of the Education Amendments of 1972 ("Title IX"), provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §1681. Plaintiff child was so denied.

B. In addition thereto that all claimants noted above: MRS. IRLANDA DE ALVAREZ and her infant daughter SHAYLA A., have separate and distinct claims arising out of events wherein BOARD OF ED., THE NEW YORK CITY BOARD OF EDUCATION/ D.O.E., M.S. 137 totally failed to take any action whatsoever to punish the said fellow students three males and forced the child from the school where she was the subject of ridicule and embarrassment and was subjected to public ridicule and defamation as to the said actions of fellow students three males illegally taken against claimant SHAYLA A. and/or her mother MRS. IRLANDA DE ALVAREZ suffered mental and emotional distress, and emotional trauma both of said claimants were harassed, etc., etc.  (Please note that mother was at the exact location/'zone' when some of said actions affecting her daughter took place.) e.g. defendants took no action and refused to transfer the three boys to another school.

C. Claimants made formal demand and claim for punitive and/or compensatory damages.

1. The name and post-office address of each claimant and of their attorney is:

claimants all reside at same address as noted below:

| | |
|---|---|
| Stuart R. Shaw | IRLANDA DE Alvarez |
| Attorney at Law | SHAYLA A. |
| 240 Madison Avenue, 7th Fl | 86-28 121st Street, |
| New York, NY 10016 | Richmond Hill, NY 11418 |

2. The nature of the claim: see paragraphs A & B above and as to 4/16/01 Plaintiff SHAYLA A. was sexually molested, assaulted, by the said 3 male students who was in a school owned and operated by the City of New York (M.S. 137.) which is "run" by the BOARD OF ED./DOE.

3. The time when, the place where and the manner in which the claims arose:  Claimant SHAYLA A. was at about on or in M.S. 137 and/or was first approached by the said three male students in said school where she was a student and she was only 11 years old or younger that she and her mother suffered etc., from the illegal actions of the BOARD OF ED. and/or the other defendants because of the actions of 3 male students see above for all of claimants' causes of action etc. And/or failure to take

22

any action that the sexual assault and related behavior probably happened 10/15 and 10/21 or on or about 11/3/09 that it continued thereafter and on information and belief may have begun in October by the three male students and threats continued into November. That on information and belief separate attacks and sexual activity initiated by the three male students occurred at or about the school and the activities of the three male students were quite overt and so much so that the counselor, the teacher and/or other school officials and personnel were aware and/or should have been aware of the situation and/or negligently failed to report this situation and take any steps to terminate it and/or steps to protect the child. Nor were any steps taken to notify the parents and in particular the infant plaintiff's mother requested procedures to be undertaken and enforced. That to date the Board of Ed. has taken absolutely no action to rectify the situation and the infant child is out of public school and the Board of Ed. did nothing to provide said three boys with an alternate site to continue their education. Nor have the said three boys been removed from the school or disciplined by the Board of Ed.!

6. The items of damage or injuries claimed are:  Improper supervision of the minor child SHAYLA &/or three male students who sexually assaulted her and there were threats of physical violence, required her to have ended her school year and education (upon information and belief the claimant SHAYLA A.'s education suffers dramatically since the sexual advances & predatory acts of threats of physical violence), required plaintiffs to seek medical attention; that both claimants have incurred legal fees & suffered other losses loss of earnings; damage to plaintiffs' reputations; the impairment of mother's earning power; school work and reputations affected expenses in prosecuting case including plaintiff's having to pay for a catholic school; plaintiffs' health was impaired, intentional infliction of mental distress, emotional trauma, etc., etc.

Together with loss of earnings;  cost of defending case;  damage to plaintiffs' reputation;  the impairment of his earning power;  expenses in defending case;  plaintiffs' health was impaired, intentional infliction of mental distress, assault, emotional trauma and physical injury.

Total amount claimed: For negligence, intentional infliction of mental distress, assault, Title IX claims: five million ($5,000.000.00) dollars for each of the above noted claimants/victims; five million ($5,000.000.00) dollars for each of the above noted claimants/victims for punitive and/or compensatory damages; together with interest courts costs and attorneys fees; against each individual defendant named.

    That said claims and demands are hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE that by reason of the premises, in default of the City of New York and/or THE CITY OF NEW YORK, THE NEW YORK CITY BOARD OF EDUCATION/ DEPARTMENT OF EDUCATION, M.S. 137, PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS. ZOANNE WILKINS, TEACHER MR.

MCGOEY, COUNSELOR ANTHONY DON, NEW YORK CITY
POLICE DEPT., to pay to the claimants their claim within the time limited
for compliance with this demand by the said City of New York by the
statutes in such cases made and provided, claimant intends to commence
an action against the City of New York to recover his damages with
interest and costs [see General Municipal Law      50-e(2), clause (4), and
etc.]. Individual claims will be made against STUDENT RANDAL
LNU(Last Name Unknown), STUDENT JONATHAN LNUAND
STUDENT PICE LNU and/or their parents."

45.     This action has been commenced within one year and ninety days after the

discovery of student RANDAL LNU (LAST NAME UNKNOWN), student JONATHAN

LNU and student PICE LNU's transgressions, pursuant to Section 215(8) of the New

York CPLR and/or within one year and 90 days of the date of the incidents alleged in the

complaint beginning on or about October 2009 pursuant to Section 50 of the General

Municipal Law of the City and State of New York.

46.     The acts and conduct herein before alleged constitute negligence. That the infant

claimant SHAYLA A., by her mother and natural guardian MRS. IRLANDA DE

ALVAREZ, was in effect harassed, sexually assaulted on more than one occasion and

thereafter; that she suffered bodily harm and suffered emotional distress or in effect was

the victim of intentional infliction of mental distress, was negligently assaulted and/or the

Board of Ed. negligently failed to supervise the three male students perpetrators and

infant plaintiff; was assaulted sexually and otherwise and/ or was a victim of more than 1

assault(s) on her person, and has valid claims for assault, negligence, intentional

infliction of mental distress and prima facie tort as well; that her mother MRS.

IRLANDA DE ALVAREZ has a separate and distinct claims for intentional infliction of

mental distress, negligence and/or prima facie tort, torts under the laws of the State of

New York. This Court has pendent jurisdiction to hear and adjudicate those claims. That

the plaintiffs each individually has a separate and distinct cause of action for punitive and/or compensatory damages.

47.    On or about 11/22/10 (after the notice of claim was duly filed and served and the instant cause of action was commenced) the infant plaintiff was accosted, assaulted, sexually harassed and/or defamed by the infant defendant JONATHAN and PICE when lawfully riding on the New York City subway. The said infant defendants made threatening gestures and harassing remarks and the infant plaintiff had to literally escape their attacks by rapidly exiting the subway at a stop that was not their destination.

48.    On or about 12/1/10 at or about a location in the eastern district of New York where the plaintiffs resided. The infant plaintiff SHAYLA was at the corner near the premises where she resides with her mother and sisters when she was accosted, assaulted, sexually harassed and/or defamed by the infants/students JONATHAN and PICE.

49.    On or about December 22, 2010 the infant plaintiff when in the company of her sister was accosted, assaulted, sexually harassed and/or defamed by the infants/students JONATHAN and PICE when lawfully riding on the New York City subway. The said infant defendants made threatening gestures and harassing remarks and the infant plaintiff and her sister had to literally escape their attacks by rapidly exiting the subway at a stop that was not their destination at Jamaica Avenue and 121st Street station.

50.    On information and belief the infant plaintiff and her sister complained to the NYPD and provided the first names of the first two infant male defendants and also provided the name of the intermediary school where they attend as M.S. 137.  And provided the names of the principal and other officials at said school, the defendants named herein PRINCIPAL LAURA MASTRIOGIOVANNI, VICE PRINCIPAL MS.

ZOANNE WILKINS, TEACHER MR. MCGOEY, COUNSELOR ANTHONY DON at

the school as delineated in this complaint

<u>ATTORNEYS' FEES</u>

51.       Plaintiffs are entitled to an award of attorneys' fees, pursuant to 42 U.S.C. 1988

(b); 42 U.S.C. 1983.

**WHEREFORE**, plaintiffs individually demand the following relief, jointly and

severally, against all the defendants individually: One million ($1,000,000.00) dollars

against each defendant for each cause of action in negligence (including failure to act-in

loco parentis), for assault, fraud, intentional infliction of mental distress, prima facie tort,

in favor of each individual plaintiff against each individual defendant and Punitive

Damages $1,000,000.00 individually against each Defendant and/or Compensatory

Damages $1,000,000.00 individually against each Defendant.

1. Negligence
   a.   failure to act-in loco parentis
2. Intentional infliction of mental
   distress
3. Prima facie tort
4. Fraud
5. Assault (including physical and sexual assaults)
6. Compensatory damages
7. Punitive damages

TOTAL AMOUNT CLAIMED: $34,000,000.00

A.       Individual Tort Claims, one million ($1,000,000.00) dollars each against

each of the individual defendants in behalf of each plaintiff or thirty four million

($34,000,000.00) dollars.

B.       Compensatory damages in the amount of One Million ($1,000,000.00)

Dollars against each defendant in behalf of each plaintiff individually;

C.    Punitive damages in the amount of Five Million Dollars against each

defendant individually in behalf of each plaintiff individually;

D.    Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and

E.    For such other and further relief as to the Court deems just and proper.

Dated: New York, New York
        May 25, 2011

                                        Law Office of Stuart R. Shaw,

                            By: _____
                                        Attorney for Plaintiffs
                                        30 West 95th Street, 1st Fl
                                        New York, NY 10025
                                        (212) 661-6750

TO:  Comptroller of the City of New York
c/o Corp. Counsel
100 Church Street
New York, NY 10007

The New York City Board of Education          Counselor Anthony Don
Dept. of Education                            c/o M.S. 137, 109-15 98 Street,
52 Chambers Street                            Queens, NY 11417
New York, NY 10007

M.S. 137,
109-15 98th Street,
Queens, NY 11417

Principal Laura Mastriogiovanni
C/O M.S. 137,
109-15 98 Street,
Queens, NY 11417

Vice Principal Ms. Zoanne Wilkins,
 C/O M.S. 137,
109-15 98 Street,
Queens, NY 11417

Teacher Mr. McGoey,
C/O M.S. 137,
109-15 98 Street,
Queens, NY 11417